**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOMINGO HERNANDEZ,<br><br>Defendant. | Criminal Action No. 06-569-5 (SDW)<br><br>**WHEREAS OPINION**<br><br>September 5, 2023 |

  **THIS MATTER** having come before this Court upon *pro se* Defendant Domingo Hernandez's ("Defendant") motion for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e) (D.E. 301); and

  **WHEREAS**, in 2007, a jury convicted Defendant of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (D.E. 41 at 1–3; D.E. 118 at 13–15.) In 2008, this Court sentenced Defendant to a term of 240 months' imprisonment and five years' supervised release. (D.E. 168.) His term of supervised release began on February 12, 2021, and is set to expire on February 11, 2026. (*See* D.E. 168, 302.) Defendant filed the instant motion on April 3, 2023, after completing more than two years of supervision. (D.E. 301.) The Government opposes the motion and Defendant has replied (D.E. 302, 303); and

  **WHEREAS** this Court may terminate a term of supervised release at any time after the defendant has served at least one year of that term, if, "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B)–(D), (a)(4), (a)(5), (a)(6), and (a)(7), . . . it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.

§3583(e); *see* Fed. R. Crim. P. 32.1(c)–(d); *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). The burden is on the defendant to show that early termination is warranted. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989). In deciding whether to modify a sentence in this manner, this Court has "broad discretion to consider all relevant information," as it does at an initial sentencing. *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022); *see Melvin*, 978 F.3d at 52. "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S. Rep. No. 98–225, p. 124 (1983)). Thus, early termination may be warranted where a Defendant sufficiently demonstrates that he has successfully transitioned back into community life, and this Court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination." *Melvin*, 978 F.3d at 53; and

**WHEREAS** this Court has reviewed the record in this matter, the submissions of both parties, and the response of the Probation Office. This Court has considered the applicable 18 U.S.C. § 3553(a) factors as required.[1] It is undisputed, and confirmed by the Probation Office, that Defendant has complied with all conditions of supervision to date, but that alone does not warrant early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (collecting cases); *United States v. Dziesiuta*, 2022 WL 876758, at *3 (D.N.J. Mar. 24, 2022). Apart from that, Defendant's motion is based on his general description of his own rehabilitation, which does not satisfy his burden to persuade this Court that early termination is warranted. *McDowell*, 888 F.2d at 291. Defendant states that he "has fully reintegrated into society," including family, work, and civic life, but he does not corroborate these general statements with

---

[1] Defendant requested no hearing on the motion, and this Opinion is issued without oral argument. (D.E. 301 at 2.)

enough details or with any corroborating evidence, such as letters from employers, family, friends, or others in his community.  Thus, while this Court accepts that Defendant may no longer need supervision, this Court is not ~~yet~~ persuaded that early termination is "warranted by the conduct of the defendant released and the interest of justice" in this case.  18 U.S.C. §3583(e); therefore

Defendant's motion for early termination of his term of supervised release is **DENIED WITHOUT PREJUDICE**.

                                                 /s/ Susan D. Wigenton
                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties